# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

        **Plaintiff,**

    v.                                            CASE NO. 19-3102-SAC

**ROGER WERHOLTZ, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff proceeds pro se and in forma pauperis.

### Background

On June 14, 2019, the Court directed plaintiff to submit an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint present a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the plaintiff is entitled to relief, and a demand for the relief sought. The order also advised the plaintiff that his request for criminal charges against a defendant or defendants could not be ordered by the court, and that, to the extent he sought relief from incarceration, he must proceed in habeas corpus.

Since that order was entered, plaintiff has filed 55 pleadings, which includes two amended complaints (Docs. 7 and 9), a second amended complaint (Doc. 14), two supplements to the second amended complaint (Docs. 27 and 28), three motions to amend the second amended complaint (Docs. 30, 31, and 42), and other motions, notices, and letters to

the Court.

**Discussion**

The United States Supreme Court has directed the federal courts to hold pleadings filed by pro se litigants "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This pleading standard, however, does not relieve a pro se party from presenting sufficient facts to state a claim for relief, nor does it allow the reviewing court to act as an advocate for the pro se party. *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991).

The Court has carefully reviewed the hundreds of pages of materials submitted by the plaintiff and concludes that he has not stated a claim for relief.

First, to the extent his claims may be read to allege that unnamed detectives caused him to be wrongfully convicted, his claims for monetary damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the United States Supreme Court held that damages for an allegedly unconstitutional conviction are not available in an action brought under § 1983 unless the conviction has been reversed, expunged, declared invalid by a state court, or undermined by a grant of federal habeas corpus relief. Heck, 512 U.S. at 486-87. Plaintiff does not make the necessary showing, and the Court concludes he has not stated a claim for relief.

Second, the balance of plaintiff's claims appear to be legally frivolous. His pleadings do not comply with Rule 8, and they address a wide variety of topics that appear to be unrelated. He also continues to seek the initiation of criminal charges, despite the Court's earlier order that explained that such charges must be filed by

prosecuting officials. The Court concludes that plaintiff has not stated a viable claim for relief and will dismiss this matter on that ground.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's motions for order (Docs. 5, 18, 29, 32, 33, 34, 39, 40, 41, 43, 46, 47, 48, 49, 50, 53, and 55), motion for leave to file all pleadings conventionally (Doc. 13), motion for hearing and notice (Doc. 20), motions to amend (Doc. 30, 31, and 42), motion to the court (Doc. 51), motion for clarification and to vacate (Doc. 54), motion of crimes by defendants on state and federal levels (Doc. 56) and motion for order of restraint (Doc. 57) are denied.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 15) is granted. Collection action shall commence under 28 U.S.C. § 1915(b) and shall continue until plaintiff satisfies the $350.00 filing fee. A copy of this order shall be transmitted to the finance office of the facility where plaintiff is incarcerated.

**IT IS SO ORDERED.**

DATED: This 4th day of October, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge