# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

        **Plaintiff,**

  v.                                 **CASE NO. 19-3102-SAC**

**ROGER WERHOLTZ, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. On October 4, 2019, the Court dismissed this matter for failure to state a claim for relief.

Following the dismissal, plaintiff submitted two motions for subpoena (Docs. 63 and 64), a motion for PLRA immediate ruling/order and immediate release (Doc. 65), a motion to the court for departure (Doc. 66), a motion to the court of evidence (Doc. 67), a motion for defendants to cease all immediate contact (Doc. 69), a motion to add defendants (Doc. 70), a motion for discovery (Doc. 71), and a motion for orders (Doc. 80). Plaintiff also has submitted six proposed supplements to the second amended complaint, a notice of Department of Corrections regulations, and two pleadings that have been construed as letters to the clerk of the court.

The Court has examined these materials, which exceed nine hundred pages, and finds no grounds to disturb the order of dismissal. The documents submitted to the Court do not present well-pleaded allegations for relief, nor do they specifically address the dismissal of this action for failure to state a claim for relief. Many appear

to be internal Department of Corrections forms and regulations that are not related to the grounds presented in the complaint. Some material appears to contain letters to family members, and other portions are written in chapters, suggesting that plaintiff submits a journal. *See* Doc. 82.

Because plaintiff presents no coherent argument addressed to the dismissal in this matter, the Court will deny the pending motions and will take no action on the pleadings construed as letters, supplements, and notices.

### Filing Restrictions

A party has no constitutional right to file frivolous or malicious matters. *See Depineda v. Hemphill*, 34 F.3d 946, 948 (10th Cir. 1994)("Plaintiff has no absolute unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions.")(citing *Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994)). Accordingly, where a plaintiff has a history of repetitive filings and abuse of the judicial process, a court may exercise its inherent power to impose orders to manage its docket and deter frivolous filings.

The United States Court of Appeals for the Tenth Circuit has provided the following guidance:

> When deciding to impose sanctions on an abusive litigant the court must balance two competing interests: (1) the litigant's constitutional right of access to the courts, *see Bounds [v. Smith]*, 430 U.S. [817], 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 [(1977)], and (2) the court's inherent power to regulate its docket, *see Link v. Wabash R.R.*, 370 U.S. 626, 629-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

*Green v. Price*, 76 F.3d 392, 1996 WL 56075, *2 (10th Cir.

1996)(unpublished decision).

Where a court elects to impose reasonable filing restrictions on a party, it must provide guidelines on how the plaintiff may proceed in a subsequent action and must provide the plaintiff with an opportunity to respond to the protective order. *Depineda*, *id*. (citing *Tripati v. Beeman*, 878 F.2d 351, 353 (10th Cir. 1989)).

Because plaintiff has filed only two actions in this district, the Court will not impose filing restrictions that go beyond those matters at this time. However, because plaintiff has filed repetitive, irrelevant, and lengthy motions and other pleadings in the present action, the Court will limit his future filings in this case to (1) an objection to the filing restrictions outlined herein, (2) a post-judgment motion under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure and (3) a Notice of Appeal, and, if necessary, a motion for leave to proceed on appeal in forma pauperis. Such pleadings are limited to five (5) pages in length. Any other pleadings submitted by the plaintiff will be reviewed by the Court before filing and will not be filed without the express authorization of the Court.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's pending motions (Docs. 63, 64, 65, 66, 67, 69, 70, 71, and 80) are denied.

IT IS FURTHER ORDERED plaintiff may not file additional pleadings in this matter without leave of the Court except those expressly identified herein, namely, an objection to the filing limitations outlined, a post-judgment motion, and a notice of appeal accompanied by a motion to proceed in forma pauperis. The Clerk of the Court shall

not file any other pleadings in this matter without the express authorization of the Court.

**IT IS SO ORDERED.**

DATED:  This 17th day of October, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge